PATRICIA STEPHENS, *ET AL.*     )
                            )
V.                          )        NO. 2:07-CV-175
                            )
KOCH FOODS, LLC, *ET AL.*      )

AND

PATRICIA STEPHENS, *ET AL.*     )
                            )
V.                          )        NO. 2:08-CV-96
                            )
CITY OF MORRISTOWN, TENNESSEE  )

## O R D E R

On October 28, 2009, a hearing was held on the parties' various objections to exhibits and motions *in limine.* Of a necessity, the court orally ruled upon each of those objections and motions from the bench. The court reporter is DIRECTED to expedite the typing of the court's ruling on each of the objections and motions and to promptly deliver same to the clerk for filing.

One motion, however, was not ruled upon from the bench, *viz.*, Koch Foods objection to the City of Morristown's proposed Exhibit No. 374.[1] Exhibit 374 is four graphs reflecting

---

[1]Doc. 200.

levels of atmospheric hydrogen sulfide on various dates at lift stations along the Witt sewer line. Presumably,[2] these graph readings were made by a machine designed and calibrated to detect chemicals in the air.

The City of Morristown contracted with Veolia Water North America, a private company, to operate Morristown's sewer system and waster water treatment plant. For current purposes, Veolia and the City of Morristown are one and the same.

Veolia - i.e., the City of Morristown - retained U.S. Filter, another private company, to make the hydrogen sulfide readings that resulted in the graphs sought to be admitted into evidence as Exhibit 374.

The objection of Koch Foods to this Exhibit is based on hearsay ( F.R.E. 801) and lack of authentication (F.R.E. 901). The Exhibit's proponent, the City of Morristown, argues that the Exhibit is a business record that should be admitted under F.R.E. 803(6), arguing that it is the business practice of Morristown to keep these records or graphs.

> The person presenting the foundation for a business record must be testifying as to the procedures of the appropriate business. Accordingly, a person receiving a document from an unaffiliated business could not solely by virtue thereof lay a sufficient foundation for the record as a business record of the issuing business. A different situation exists when the business receiving the information in the regular course of business integrates the information received into its business' records, relies upon it in its day-to-day operations, and surrounding circumstances indicate trustworthiness. Under such limited circumstances admissibility through the testimony of the receiving custodian or other qualified witness is permitted, but not otherwise.

M. Graham, FEDERAL PRACTICE AND PROCEDURES: EVIDENCE § 7047 (Interim Edition).

---

[2]The court uses the word "presumably" advisedly; the court does not actually know.

Thus, it is not enough that the custodian of Veolia's (Morristown's) records merely identifies these graphs as documents they were received and retained in Veolia's records. The authenticating witness is required to testify regarding the requirements of 803(6) *with respect to U.S. Filter.* This is just about all the court can say at this point, having absolutely no information regarding the City's proposed witness who will authenticate these graphs, much less the extent to which that witness can testify.

It should be noted that the Business Records Exception to the Hearsay Rule was broached numerous times throughout the hearing on the parties' objections and motions *in limine,* and it quickly became apparent that none of the parties had yet identified any specific authenticating witness under 803(6), and that none of the attorneys were concerned about that omission. Thus, it is anticipated that the parties will present their 803(6) authenticating witnesses for the first time at the trial of this case.

This "ruling" on this particular objection is perilously close to being no ruling at all, but rather an advisory opinion. Such is true with respect to the other F.R.E. 803(6) issues that arose during the hearing. As with the others, the ruling with respect to this motion is that the Exhibit is admissible, subject to an authenticating witness that can satisfy the requirements of F.R.E. 803(6), especially with regard to the specific issue discussed in the of "FEDERAL PRACTICE AND PROCEDURE," quote above.

Based upon a communication from the district judge, any party objecting to any ruling of the magistrate judge at the October 28, 2009 hearing shall be filed by 9:00 a.m. on November 2, 2009.

3

SO ORDERED:

_____s/ Dennis H. Inman_____
United States Magistrate Judge

4